IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK L. SMITH,

       Plaintiff,                                                OPINION AND ORDER

    v.                                                                    13-cv-645-wmc

PAUL MERGANDAHL, *et al.*,

       Defendants.

---

      State inmate Derrick L. Smith has filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Marathon County Jail. He has been granted leave to proceed *in forma pauperis* in this case for purposes of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1). Because he is incarcerated, the PLRA also requires the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this very lenient standard, Smith's request for leave to proceed must be denied and this case will be dismissed for reasons set forth below.

FACTS

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.[1]

The plaintiff, Derrick L. Smith, has a lengthy criminal record of convictions from Marathon County, Wisconsin, dating back to at least 1996. Smith turned himself in to the Marathon County Jail on June 5, 2012, after he was charged with several felony offenses in Marathon County Case No. 2012CF386.[2] Smith was also charged with violating the terms of his supervised release from a previous sentence of imprisonment. Following the revocation of his parole and return to state prison in October 2012, Smith was transferred from the Marathon County Jail to the Dodge Correctional Institution ("DCI") of the Wisconsin Department of Corrections ("WDOC"). In February 2013, Smith was assigned to the Columbia Correctional Institution ("CCI"). On August 6, 2013, Smith was released from state prison on extended supervision. Because a detainer was pending against him from Marathon County, Smith returned to custody at the Marathon County Jail, where he is currently awaiting trial in Case No. 2012CF386.

In this case, Smith has filed suit under 42 U.S.C. § 1983 against the following individuals who are employed at the Marathon County Jail: Administrator Paul Mergendahl,

---

[1] The court has supplemented the sparse allegations in the complaint with dates and procedural information about plaintiff's underlying criminal case from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited November 15, 2013). The court draws all other facts from the complaint in this case and several others filed recently by Smith, as well as any exhibits attached to his pleadings. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

[2] Smith has been charged in that case with first-degree sexual assault with a dangerous weapon; substantial battery intending bodily harm; strangulation and suffocation (two counts); false imprisonment; and victim intimidation by use or attempted use of force. *See State v. Derrick L. Smith*, Marathon County Case No. 2012CF386.

Danille Gray, and other John Doe "jail guards." Smith contends that his medication was lost during his transport from state prison to the Marathon County Jail in August 2013. Without specifying the type of prescription or the nature of his condition, Smith contends further that he was denied adequate medication. In addition, Smith reports that he was attacked by 3 Hmong inmates on August 20, 2013, and then refused adequate medical care for a black eye, fractured ribs and "other injuries" that he does not describe. Smith claims that he was examined by a "Jane Doe (older) Nurse" who performed only a superficial examination before declaring that he was "fine." Smith reported the assault to Mergendahl later that day and requested medical care, but Mergendahl never got back to him. In addition, Smith contends that "jail staff" was aware of threats to his safety but did nothing to prevent the attack.

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). It is not necessary for a plaintiff to plead specific facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the

deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). To demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in the alleged constitutional deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Liberally construed, Smith's complaint alleges the following causes of action: (1) deprivation of property without due process and denial of medication with deliberate indifference to a serious medical condition; (2) failure to protect from assault by other inmates; and (3) denial of medical care following the assault. Not only does Smith not allege sufficient facts to rise above "threadbare" claims, Smith does not provide enough information showing that any defendant was *personally* involved with the asserted violations. These defects alone mean that Smith's proposed complaint does not meet the minimum pleading standard found in Fed. R. Civ. P. 8(a), which requires a short and plain statement of the facts in support of his claims. There is another defect equally troubling here: all of the claims appear to overlap, if not duplicate, claims brought before this court before and previously rejected at the screening stage. *See* Case Nos. 12-cv-633, -742, -743, -952, -953, -954, 13-cv-387, -591, -674 and -658. For all these reasons, the complaint will be dismissed without prejudice for failure to state a claim.

4

In addition to the complaint's shortcomings under Fed. R. Civ. P. 8(a), Smith lodges claims against multiple defendants in a manner that does not comply with federal pleading rules on joinder.  Specifically, a plaintiff may only join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  Fed. R. Civ. P. 18(a).  As a corollary, a plaintiff is only allowed the joinder of several defendants if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants.   Fed. R. Civ. P. 20(a).

In this case, Smith fails to demonstrate how the defendants are related to a single transaction or common question of law and fact.  By lodging unrelated claims against multiple defendants, the complaint does not comport with the federal pleading rules found in Fed. R. Civ. P. 18(a) or 20(a).  The Seventh Circuit has emphasized that "unrelated claims against different defendants belong in different suits" and that federal joinder rules apply to prisoners just as to other litigants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  The Seventh Circuit having instructed that "buckshot complaints" should be "rejected," Smith's complaint is also subject to dismissal for violating these rules.   *Id.*

Smith may file an amended complaint in this case to cure the deficiencies outlined above.  To proceed, plaintiff must file an amended complaint within seventy-five days of the date of this order.  That proposed amended complaint must set forth a "short and plain statement" of his claims, *see* Fed. R. Civ. P. 8(a), and must include only those claims and defendants that relate to a single transaction or common question of law and fact for purposes of Fed. R. Civ. P. 18(a), 20(a).  Any unrelated claims not pursued in this case must be brought in a separate action.  If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28

U.S.C. § 1915A. If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Derrick L. Smith's request for leave to proceed is DENIED and his complaint is DISMISSED without prejudice for failure to state a claim.

2. To proceed, plaintiff must file an amended complaint **within seventy-five days** of the date of this order. That proposed amended complaint must set forth a "short and plain statement" of the facts in support of his claims, *see* Fed. R. Civ. P. 8(a), and must include only those claims and defendants that relate to a single transaction or common question of law and fact for purposes of Fed. R. Civ. P. 18(a), 20(a), and must not overlap legal claims pending before or previously denied by this court.

3. If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915A. **If plaintiff fails to submit an amended complaint as directed within 75 days, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).**

Entered this 25th day of November, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge